IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NADINE WHALEN,

Plaintiff,

CASE NO.:

-vs-

BLUESTEM BRANDS, INC. d/b/a
FINGERHUT,

Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Pasco County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6. Plaintiff is an "alleged debtor."

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

1

8. Defendant is a corporation which was formed in Delaware with its principal place of business in Minneapolis, Minnesota.

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (813) 997-5462, and was the called party and recipient of Defendant's above described calls.

11. Plaintiff does not now, nor has she ever engaged into a business relationship with the Defendant, and never provided the Defendant with consent to call her aforementioned cellular telephone number.

12. On or about April 7, 2014, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant seeking to recover a debt from an individual named "Paul."

13. Immediately upon receipt of the calls from Defendant, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative and informed an agent/representative of Defendant that they had the wrong number, and that she was not "Paul," the individual for whom they were calling. The agent/representative of Defendant apologized to Plaintiff for the call, informing Plaintiff that they would remove Plaintiff's aforementioned cellular telephone number from their system.

14. From approximately April 7, 2014, through the filing of this Complaint (or such time as will be established after a thorough review of Defendants' records), Defendant has called Plaintiff's aforementioned cellular telephone number on a daily basis, despite being informed that they had the wrong number.

15. To date, Defendant has placed approximately forty (40) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing at least twenty-four (24) calls from April 8, 2014 through May 8, 2014).

16. On numerous occasions, Plaintiff has answered Defendant's call, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative, informed them that they have the wrong number, she was not "Paul," and to stop calling her.

17. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

18. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

19. By continuing to call the Plaintiff despite being informed that she did not know "Paul," Plaintiff was led to believe the Defendant thought she was lying and the only way to stop the harassing calls was to pay the alleged debt.

20. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

21. On information and belief, the telephone calls were placed using automated telephone dialing equipment and/or prerecorded message, without human intervention

22. Each call Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

23. Each call Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

24. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

25. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they are the wrong party.

26. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

27. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

28. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

29. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

30. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

31. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

32. Defendant violated the TCPA with respect to the Plaintiff.

33. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

34. Plaintiff incorporates Paragraphs one through thirty-two.

35. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

36. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

37. Plaintiff incorporates Paragraphs one through thirty-two.

38. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

39. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

40. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

41. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

42. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/*Amanda J. Allen*
Amanda J. Allen, Esquire
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
JEstrada@ForThePeople.com
Attorney for Plaintiff

# Phone Call Log for (813) 997-5462

|     | Date       | Time     | Caller          |
|-----|------------|----------|-----------------|
| 1.  | 04/08/2014 | 12:38 pm | (800) 503-2370  |
| 2.  | 04/08/2014 | 05:57 pm | (800) 503-2370  |
| 3.  | 04/08/2014 | 05:41 pm | (800) 503-2370  |
| 4.  | 04/09/2014 | 01:05 pm | (800) 503-2370  |
| 5.  | 04/10/2014 | 12:14 pm | (800) 503-2370  |
| 6.  | 04/14/2014 | 11:33 am | (800) 503-2370  |
| 7.  | 04/14/2014 | 06:19 pm | (800) 503-2370  |
| 8.  | 04/15/2014 | 03:40 pm | (800) 503-2370  |
| 9.  | 04/21/2014 | 10:05 am | (800) 503-2370  |
| 10. | 04/21/2014 | 11:47 am | (800) 503-2370  |
| 11. | 04/24/2014 | 11:45 am | (800) 503-2370  |
| 12. | 05/02/2014 | 01:36 pm | (800) 503-2370  |
| 13. | 05/05/2014 | 10:30 am | (800) 503-2463  |
| 14. | 05/05/2014 | 11:21 am | (800) 503-2463  |
| 15. | 05/05/2014 | 03:18 pm | (800) 503-2463  |
| 16. | 05/06/2014 | 09:34 am | (800) 503-2463  |
| 17. | 05/06/2014 | 11:33 am | (800) 503-2463  |
| 18. | 05/07/2014 | 01:09 pm | (800) 503-2463  |
| 19. | 05/07/2014 | 06:04 pm | (800) 503-2463  |
| 20. | 05/07/2014 | 07:35 pm | (800) 503-2463  |
| 21. | 05/08/2014 | 09:15 am | (800) 503-2463  |
| 22. | 05/08/2014 | 11:30 am | (800) 503-2463  |
| 23. | 05/08/2014 | 03:46 pm | (800) 503-2463  |
| 24. | 05/08/2014 | 05:45 pm | (800) 503-2463  |


EXHIBIT A.