IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NADINE WHALEN,

   Plaintiff,

                              CASE NO.:  8:14-CV-1767-T-17AEP

-vs-

BLUESTEM BRANDS, INC. d/b/a
FINGERHUT and ALLIANCEONE
RECEIVABLES MANAGEMENT, INC.

   Defendant.
_____/

## FIRST AMENDED COMPLAINT

1.      Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and The Fair Debt Collection Practiced Act, 15 U.S.C. §1692 et seq. ("FDCPA")

## JURISDICTION AND VENUE

2.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3.      The alleged violations described in the Complaint occurred in Pasco County, Florida.

## FACTUAL ALLEGATIONS

4.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

5.      Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6.      Plaintiff is an "alleged debtor."

1

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant, Bluestem Brands, Inc. d/b/a Fingerhut (hereinafter "Bluestem"), is a corporation which was formed in Delaware with its principal place of business in Minneapolis, Minnesota.

9. Defendant, Bluestem, consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors; including, but not limited to "AllianceOne Receivables Management".

10. Defendant, Bluestem, is a "creditor" as defined by Florida Statute 559.55(3) and 15 U.S.C §1692(a)(4).

11. Defendant, AllianceOne Receivables Management, Inc. (hereinafter "Alliance"), is a corporation and a citizen of the State of Pennsylvania with its principal place of business at 4850 E Street Road, Suite 300, Trevose, Pennsylvania.

12. Defendant Alliance is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6).

13. Defendant Alliance is a vendor which preforms collection activities including, but not limited to, placing telephone calls, on behalf of Defendant Bluestem.

14. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

15. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (813) 997-5462, and was the called party and recipient of Defendants' above described calls.

16. Plaintiff does not now, nor has she ever engaged into a business relationship with the Defendants, and never provided the Defendants with consent to call her aforementioned cellular telephone number.

17. On or about April 7, 2014, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant Alliance seeking to recover a debt on behalf of Defendant Bluestem from an individual named "Paul."

18. Immediately upon receipt of the calls, Plaintiff answered the call, received Defendants' pre-recorded message, followed the prompt to be connected to a live representative and informed an agent/representative of Defendant Alliance and/or Defendant Bluestem that they had the wrong number, and that she was not "Paul," the individual for whom they were calling. The agent/representative apologized to Plaintiff for the call, informing Plaintiff that they would remove Plaintiff's aforementioned cellular telephone number from their system.

19. From approximately April 7, 2014, through the filing of this Complaint (or such time as will be established after a thorough review of Defendants' records), Defendant Alliance, on behalf of Defendant Bluestem, has called Plaintiff's aforementioned cellular telephone number on a daily basis, despite being informed that they had the wrong number.

20. To date, approximately forty (40) such calls have been placed to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing at least twenty-four (24) calls from April 8, 2014 through May 8, 2014).

21. On numerous occasions, Plaintiff has answered the calls, received the pre-recorded message, followed the prompt to be connected to a live representative, informed them that they have the wrong number, she was not "Paul," and to stop calling her.

22. Despite actual knowledge of their wrongdoing, the Defendants continued their campaign of abuse.

3

23. Defendant Alliance attempted to collect a debt on behalf of co-defendant Bluestem from the Plaintiff by this campaign of telephone calls.

24. By continuing to call the Plaintiff despite being informed that she was not and did not know "Paul," Plaintiff was led to believe the Defendants thought she was lying and the only way to stop the harassing calls was to pay the alleged debt.

25. Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

26. On information and belief, the telephone calls were placed using automated telephone dialing equipment and/or prerecorded message, without human intervention

27. Each call Defendant Alliance made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

28. Each call Defendant Alliance made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

29. Defendant Alliance has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

30. Defendant Bluestem has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

31. Defendant Bluestem's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they are the wrong party.

32. Defendant Alliance's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they are the wrong party.

33. Defendants have numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

34. Defendant Alliance has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

35. Defendant Bluestem has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

36. Defendant Alliance has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

37. Defendant Bluestem has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to have such calls placed on their behalf.

38. Defendants have a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

39. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

40. Plaintiff did not expressly consent to Defendants' placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

41. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

42. Defendants violated the TCPA with respect to the Plaintiff.

43. Defendants willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA-BLUESTEM)

44. Plaintiff incorporates Paragraphs one through forty-three (43).

45. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

46. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the TCPA-ALLIANCE)

47. Plaintiff incorporates Paragraphs one through forty-three (43).

48. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

49. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FCCPA-BLUESTEM)

50. Plaintiff incorporates Paragraphs one through forty-three (43).

51. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

52. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

53. Defendant has violated Florida Statute §559.72(7) by willfully engaging in

conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

54. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

55. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the FCCPA-ALLIANCE)

56. Plaintiff incorporates Paragraphs one (1) through forty-three (43).

57. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

58. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

59. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

60. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

61. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
### (Violation of the FDCPA-ALLIANCE)

62. Plaintiff incorporates Paragraphs one (1) through forty-three (43).

63. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

64. Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

65. Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

66. Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

67. Defendant has violated 15 U.S.C. §1692(e)(11) by failing to disclose in the initial communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector.

68.     Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

                        Respectfully submitted,

*/s/Amanda J. Allen*
Amanda J. Allen, Esquire
Florida Bar #:  0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
AAllen@ForThePeople.com
JEstrada@ForThePeople.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      I, Amanda J. Allen, Esquire, hereby certify that on February __2nd__ , 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Callan L. Albritton, Esquire
Florida Bar No. 105688
Peter B. King, Esquire
Florida Bar No. 0057800
WIAND GUERRA KING P.L.
5505 W Gray Street
Tampa, FL 33609
Phone: (813) 347-5100
Fax: (813) 347-5198
pking@wiandlaw.com
calbritton@wiandlaw.com
mmadison@wiandlaw.com
Counsel for Defendant


                                              */s/ Amanda J. Allen*
                                                **Amanda J. Allen, Esquire**
                                                Florida Bar #:  0098228